

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 AUG 11  P 2: 40

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DAVID ALLEN BICKHAM | CIVIL ACTION |
| VERSUS | NO. 05-334 |
| SHERIFF JACK STRAIN, ET AL. | SECTION "J" (3) |

### REPORT AND RECOMMENDATION

Plaintiff, David Allen Bickham, a state inmate, filed this *pro se* civil action pursuant to 42 U.S.C. § 1983 against Sheriff Jack Strain, Jr., Warden Marlin Peachey, and Lt. Chuckie Lee in his official capacity. In this lawsuit, plaintiff claims that his rights were violated when he was sprayed with lice spray by Lt. Lee.

Defendants Strain and Peachey have filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).[1] Plaintiff has filed a memorandum in opposition to that motion.[2] For the purposes of this

---

[1] Rec. Doc. 9. The Court notes that defendants alternatively moved for dismissal pursuant to Fed.R.Civ.P. 12(b)(1). However, because the motion is in fact challenging the existence of federal causes of action, dismissal under Rule 12(b)(1) is not appropriate. See Daniel v. Ferguson, 839 F.2d 1124, 1127 (5th Cir. 1988).

[2] Rec. Doc. 11.

Report and Recommendation, the Court has fully considered both the arguments and additional facts asserted in plaintiff's opposition.[3]

"[A] motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges the plaintiff's rights to relief based upon those facts." Ramming v. United States, 281 F.3d 158, 162 (5th Cir. 2001) (quotation marks omitted). "When ruling on a rule 12(b)(6) motion, the court must liberally construe the complaint in favor of the plaintiff and assume the truth of all pleaded facts." Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002). The United States Fifth Circuit Court of Appeals has noted:

> The test for determining the sufficiency of a complaint under Rule 12(b)(6) was set out by the United States Supreme Court as follows: "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

Ramming, 281 F.3d at 161 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

The instant case is one of a number lawsuits filed in this Court by inmates who claimed that their rights were violated when Lt. Lee sprayed them with lice spray on January 23, 2004.[4] Plaintiff

---

[3] The United States Fifth Circuit Court of Appeals has held when a district court is considering a Rule 12(b)(6) motion in a case filed by a *pro se* plaintiff, the district court should consider the "complaint under the less stringent standards applicable to *pro se* litigants." Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). In such cases, the district court is "required to look beyond the [plaintiff's] formal complaint and to consider as amendments to the complaint those materials subsequently filed." Id. Therefore, a *pro se* litigant's supplemental filings, such as plaintiff's memorandum in opposition to defendants' motion, which "embellish[] the original complaint's averments" may appropriately be considered when ruling on a Rule 12(b)(6) motion. Id.

[4] See Wilson v. Lee, Civil Action No. 04-371 "K"(5) (dismissed as frivolous and for failing to state a claim); Burns v. Strain, Civil Action No. 04-586 "F"(3) (dismissed as frivolous and for failing to state a claim); McQueen v. Lee, Civil Action No. 04-2111 "N"(4) (dismissed for failure to prosecute); Hutchins v. Strain, Civil Action No. 04-2737 "A"(1) (dismissed for failing to state a claim).

alleges that Lee came into the dorm and told all forty-nine inmates to strip. He then proceeded to spray the inmates with Liceanator, an aerosol lice killer, because "crabs" had been found on an inmate the previous night. Plaintiff alleges that because there were only eight showers in the dorm, some inmates had the spray on them for twenty to thirty minutes before they were able to wash it off. Plaintiff also alleges that the dorm was saturated with the chemical spray and not properly ventilated or cleaned. He states that the inmates suffered skin irritations, shortness of breath, burning lungs, nausea and vomiting, dizziness, headaches, and blurred vision.

Plaintiff does not indicate in his complaint whether he is suing Strain and Peachey in their individual capacities, official capacities, or both. Regardless, for the following reasons, he has failed to state a cognizable claim against either defendant and, accordingly, their motion to dismiss should be granted.

Plaintiff's allegations are clearly insufficient to state an individual-capacity claim against either Strain or Peachey. The United States Fifth Circuit Court of Appeals has held: "Plaintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted). In the complaint, plaintiff alleges only that he was sprayed with a chemical lice spray by Lt. Lee. Plaintiff makes no allegations whatsoever, either in his complaint or in his opposition to defendants' motion, that Strain or Peachey was personally involved in the spraying. Without such personal involvement, neither Strain nor Peachey can be held liable in his

individual capacity.  See Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action.").

The Court notes that plaintiff essentially argues in his memorandum in opposition to the motion to dismiss that Strain and Peachey should be held responsible for Lee's actions based on their supervisory positions.  However, under 42 U.S.C. § 1983, a supervisory official is not liable for the actions of his subordinates under any theory of vicarious liability.  Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987); see also Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or *respondeat superior* liability.").[5]

Plaintiff also has failed to state an official-capacity claim against either Strain or Peachey. "Official capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent."  Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999). Accordingly, an official-capacity claim against Strain or Peachey would in reality be a claim against the local governmental entity they serve, the St. Tammany Parish Sheriff's Office.  However, in order to hold a local governmental entity accountable for a constitutional violation, a plaintiff must show that (1) an employee of the local governmental entity violated plaintiff's clearly established constitutional rights with subjective deliberate indifference, and (2) the violation resulted from a policy or custom adopted or maintained by the local governmental body with objective deliberate

---

[5] To the extent that plaintiff is alleging that defendants "failed to correct" Lee, that allegation makes no sense.  Because there are no allegations that Lee had wrongly sprayed inmates previously, Strain or Peachey could not have corrected Lee *before* the incident occurred.  Moreover, plaintiff further indicates that Lee was terminated based on this incident *after* it occurred.  Rec. Doc. 11, p. 2.

indifference. See Olabisiomotosho v. City of Houston, 185 F.3d 521, 528-29 (5th Cir. 1999). Plaintiff does not allege that the purported constitutional violation resulted from an official policy or custom adopted or maintained by the St. Tammany Parish Sheriff's Office. Accordingly, plaintiff has failed to state an official capacity claim against either Strain or Peachey.[6]

The Court notes that the only remaining defendant, Lt. Chuckie Lee, should dismissed for the same reason.[7] In his complaint, plaintiff specifies that he is suing Lee in his official capacity.[8] However, again, because plaintiff has not alleged that the purported constitutional violation resulted from an official policy or custom of the St. Tammany Parish Sheriff's Office, there is no basis for an official capacity claim.[9] Accordingly, the Court should dismiss the official-capacity claim *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim on which relief may be granted.[10]

---

[6] Moreover, the Court notes that because Sheriff Strain is the official policymaker for the St. Tammany Parish Sheriff's Office, he is the defendant properly sued in his official capacity. See Jones v. St. Tammany Parish Jail, 4 F.Supp.2d 606, 613-14 (E.D. La. 1998). An official capacity claim against Peachey is therefore redundant. See Causey v. Parish of Tangipahoa, 167 F.Supp.2d 898, 907-08 (E.D. La. 2001).

[7] Lee has never been served because plaintiff has not provided an accurate service address. Rec. Doc. 3. Accordingly, plaintiff is in violation of Fed.R.Civ.P. 4(m).

[8] Rec. Doc. 1, p. 1.

[9] Additionally, as noted in *supra* note 5, Sheriff Strain, not Lt. Lee, is the correct defendant for an official-capacity claim.

[10] Plaintiff filed this lawsuit *in forma pauperis*. Rec. Doc. 2. A federal district court shall dismiss *sua sponte* an *in forma pauperis* complaint if it is determined that the action fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Therefore, for the foregoing reasons, it is recommended that all of plaintiff's claims be dismissed. However, in light of the fact that plaintiff is proceeding *pro se*, it is recommended that the claims be dismissed without prejudice. See <u>Mills v. Criminal District Court #3</u>, 837 F.2d 677, 679 (5th Cir. 1988).

## RECOMMENDATION

It is therefore **RECOMMENDED** that the motion to dismiss filed by Sheriff Jack Strain and Warden Marlin Peachey be **GRANTED** and that the claims against them be **DISMISSED WITHOUT PREJUDICE**.

It is **FURTHER RECOMMENDED** that plaintiff's claim against Lt. Chuckie Lee be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 11 day of August, 2005.

DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE